IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02403-MSK-MEH

MYRA J. HOLLOWAY,

      Plaintiff,
v.

UNUMPROVIDENT (UNUM), and
CATHOLIC HEALTH INITIATIVE (CHI),

      Defendants.
_____

**ORDER ON PLAINTIFF'S MOTIONS TO
SUPPLEMENT THE ADMINISTRATIVE RECORD**
_____

      Before the Court are Plaintiff's Motion to Add Three Administrative Record Documents [Docket #44] and Plaintiff's Motion to Supplement the Administrative Record [Docket #52]. The matters have been referred to this Court for resolution [Docket ##45 and 53]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** the Motions to Supplement the Administrative Record.

**I.**      **Background**

      Plaintiff filed this action against Defendant after Defendant denied her claim for long-term disability benefits. The plan, under which Plaintiff is covered, is an ERISA plan. In the first motion, Plaintiff requests that the following documents be added to the Administrative Record: (1) The National Office of Employee Benefits, Overview of 2005 Benefits booklet; (2) The initial (UNUM) acceptance letter, August 30, 2005, approving Plaintiff's long-term disability benefits; (3) the second physician's report of Plaintiff's diagnosis of Fibromyalgia. Plaintiff's second motion requests that nine categories of documents, including those listed in the first motion, be added to the letter.

Plaintiff claims that these documents are necessary for the Court to conduct a full and fair review of her claim.

In response, Defendant argues that the arbitrary and capricious standard of review that this Court will apply requires the Court to review the closed administrative file, that is, the documents that were reviewed, not the documents that Plaintiff contends should have been reviewed. Defendant argues that the letter awarding benefits is already part of the record and that the rest of the documents were not considered and cannot be added.

## II. Discussion

The administrative record should be supplemented only to aid a district court's *de novo* review and, even then, only in unusual cases. *Hall v. UNUM Life Ins. Co.*, 300 F.3d 1197, 1203 (10th Cir. 2002). Such unusual circumstances include the following:

> [C]laims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*Id.* (quoting *Quesinberry v. Life Ins. Co.*, 987 F.2d 1017, 1027 (4th Cir. 1993)). Further, the Court is only to allow the evidence that the "party seeking to introduce can demonstrate that it could not have been submitted to the plan administrator at the time the challenged decision was made." *Id.* (citation omitted). As the Tenth Circuit explained, "By strictly limiting the circumstances in which supplementary evidence may be presented, the risk of increasing decision costs--and of deterring employers from providing pension and benefit plans to their employees--is controlled." *Id.* at 1202.

Importantly, these limited situations in which supplementation is proper apply only when the district court is conducting a *de novo* review of the denial. Moreover, such supplementation does not add documents to the administrative record but, rather, allows the Court to consider supplemental documentation in addition to the administrative record. Before the Court can do so, the Court must determine that the standard of review is *de novo*, rather than arbitrary and capricious, and must find that one of the unusual circumstances listed above exists. However, the appropriate standard of review has not been addressed in this case.

For these reasons, the Court denies the Motions to Supplement. Plaintiff may wish to ask the District Judge to consider documents outside the administrative record during the briefing related to the merits of Plaintiff's claims. Such a request, however, is qualitatively different from requesting to supplement an administrative record that is now closed.

### III.     Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Add Three Administrative Record Documents [Filed June 18, 2007; Docket #44] and Plaintiff's Motion to Supplement the Administrative Record [Filed August 3, 2007; Docket #52] are **denied**.

Dated at Denver, Colorado, this 9th day of August, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge